and the full tub was between him and the other.    It was thus a physical impossibility for him to see what part of the full tub was struck.    Finnel, who was but a few feet away from him, makes no such pretense.    He says: "I saw the two tubs come together, and it [the full tub] immediately overturned."    Corbett could obviously have seen no more than this.    The most that he could have testified to is that the catch was not on the side towards him when the collision occurred.    This would not be conclusive, but he makes no such statement.    It is plain that his declaration as to the striking of the catch is a mere surmise, unaccompanied by the statement of any fact upon which the inference might reasonably be based.    The rotatory motion of the tubs does not affect the question, since the point of contact was still out of sight of the witnesses.

The opinion also states that the tub had "nearly reached the deck when it dumped its contents."    It is said that the tub had fully reached the deck.    As to this there was a conflict of testimony.    One of the plaintiffs' witnesses, Francese, said that it was still six or seven feet from the deck; and Finnel, on a former examination, said that the top of it was level with the hatchway.    On the present trial he and two other witnesses testified that the bottom of the tub was clear of the hatch combings; but Finnel, in another part of his testimony, stated that the empty tub was one-half of its height above the other.    This statement, in turn, is somewhat confused by a subsequent answer.    The jury, however, might well have believed that part of his testimony which was in the plaintiffs' favor.    The issue as to the relative position of the tubs was clearly for the jury; and the opinion as a whole shows plainly that this was all that was held.    If, however, it had been conclusively shown that the empty tub was the lower, and also that it in fact struck the catch, it would still have been a question of fact whether this blow would have dumped the full tub had it been in good repair.    Even in such a case the blow, so far as can be judged, would have been, not an upward, glancing blow, but merely a lateral one; and Focht, the manufacturer of the bucket, distinctly stated that such a blow would not ordinarily release the catch.

There were thus insuperable obstacles to taking the case from the jury, and the inaccuracies in the opinion do not affect the general result.    The motion should therefore be denied, but without costs.

(28 App. Div. 394.)

## COULAHAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.    April 22, 1898.)

### INJURY TO PASSENGER—DISMISSAL OF ACTION.

In an action to recover damages for injuries received by the plaintiff while a passenger on one of defendant's street cars, she testified that the car passed a truck standing beside the track, but struck the horse attached thereto, which was standing on the track, and that he sprang into the car, and injured her.    No evidence was given on defendant's part, but the complaint was dismissed.    *Held,* that as the jury might have inferred that the horse was standing upon the track when the driver attempted to pass, and, if so, would have been justified in inferring negligence on the driver's part, the dismissal was error.

Appeal from trial term, New York county.

Action by Honora Coulahan against the Metropolitan Street-Railway Company. From a judgment entered on a verdict dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William J. Leitch, for appellant.
John T. Little, Jr., for respondent.

RUMSEY, J. The action was brought for damages for personal injuries which the plaintiff claims to have received while a passenger in a street car upon one of the defendant's railways. No evidence was given on the part of the defendant, but the complaint was dismissed at the close of the plaintiff's case. As stated by the plaintiff, she was a passenger in an open car of the defendant, riding along on Fifty-Ninth street easterly. Near the corner of Third avenue and Fifty-Ninth street, a truck, with a horse or horses attached, was standing in the street by the side of the track. The plaintiff was sitting on the same side of the car as that on which the truck and horse stood. She said that the car passed the truck, but struck the horse; whereupon the horse began to jump, and sprang into the car, and sat down on the plaintiff, causing her very serious injuries. Upon her direct examination, she gave no reason why the car which had passed the truck without difficulty should have struck the horse; but upon her cross-examination, when asked how she explained that apparent discrepancy, she stated that the truck was near the track, but the horse stood on the track. This was substantially all the evidence as to the way in which the accident occurred. The jury might have inferred from this testimony that the horse was standing upon the track at the time when the driver attempted to pass; and, if that be so, it was probable that the horse would have been struck; and it would have been proper for them to infer that the attempt of the driver of the car to pass the horse standing upon the track was negligence, and for that reason it was error to dismiss the complaint, but the case should have been submitted to the jury.

The judgment, therefore, must be reversed, with costs to the appellant to abide the event. All concur.